KEISER v. ENTERPRISE FOUNDRY COMPANY.

MASTER AND SERVANT—FACTORY EXPEDITER—CONTRACTS—DAMAGES
—SCOPE OF AUTHORITY.
  Factual issues in action against foundry company by factory
  expediter on (1) terms of contract, (2) amount of damages
  and (3) scope of authority of person who hired plaintiff under
  an oral contract of employment, submitted to jury *held*, prop-
  erly determined in favor of plaintiff under record presented.

Appeal from Wayne; Weideman (Carl M.), J.
Submitted June 2, 1959. (Docket No. 8, Calendar
No. 47,645.) Decided July 14, 1959.

Assumpsit by William M. Keiser against Enter-
prise Foundry Company, a Michigan corporation,
for sums due on employment contract. Verdict and
judgment in common pleas court upheld in circuit
court. Defendant appeals. Affirmed.

*Langs, Molyneaux & Armstrong (Neil A. Patter-
son,* of counsel), for plaintiff.

*Martin J. Ewald,* for defendant.

BLACK, J. This is another of the mounting pleth-
ora of cases, presenting no substantial question
for review, we find coming here by appeal of right.
Like others of its kind, it bids us hasten toward
presently considered amendments of section 1 of
Court Rule No 60 (1945).

---

REFERENCES FOR POINTS IN HEADNOTES
35 Am Jur, Master and Servant § 62.

Plaintiff, formerly employed by defendant, sued defendant in Detroit common pleas to recover the sum of allegedly unpaid salary and bonus said to be owing him on account of breach, by defendant, of an oral contract of employment. The terms of the contract were and are in dispute. Such dispute of fact is the core of the case.

Plaintiff alleged and testified that he was engaged by defendant as a factory expediter; that the agreement of the parties stipulated he would be given a minimum of 90 days of employment at a monthly salary of $600 and, in addition, would receive a bonus "that would be in an amount sufficient to assure him a monthly income at least equal to his average monthly income of $900" (at previous employment); that he commenced working for defendant March 5, 1956 and worked until April 27, 1956, on which latter date he was discharged by defendant; that his discharge constituted a breach of the mentioned contract of employment and, on account of such breach, that he was and is entitled to recover from defendant the sum of $1,630.78.

Defendant denied that it hired plaintiff for any minimal period whatever. It insisted below and insists here that plaintiff was hired "on a trial basis and could be discharged without notice." Such was the naked and triable single issue.

Such issue was tried to court and jury in common pleas and resulted in a verdict and judgment for plaintiff in the above amount. Defendant duly appealed to the Wayne circuit court. That court found no error and entered a judgment of affirmance. From such judgment defendant has appealed to this Court.

Defendant claims, on appeal, that Judge Vokes (of common pleas) erred (a) in excluding certain testimony offered by defendant; (b) in permitting the jury to return a verdict in the above amount

because such verdict "under the facts most favorable to the plaintiff, would have been at least $300 less than that amount," and (c) in failing to hold that a Mr. Cuddy, "a director, shareholder and supervisor of defendant corporation" with whom plaintiff negotiated and concluded the contract in question, had no authority to contract in behalf of defendant for payment of a bonus to any employee.

We have examined the presented questions and find no merit in any one of them. As noted at outset of this opinion, a factual issue only was proffered. Such issue was determined by the appointed triers of fact and no error affected their deliberations. Having so concluded our appellate function is exhausted.

Affirmed. Costs to plaintiff.

KELLY, SMITH, EDWARDS, VOELKER, and KAVANAGH, JJ., concurred with BLACK, J.

DETHMERS, C. J., and CARR, J., concurred in the result.